# Siniard *v.* Green, Admr.

*Proceedings for Final Settlement of Administration.*

123 527
124 614

1. *Final settlement of administration; liability of administrator for interest.*—Where an administrator with the will annexed, within a year after his appointment, files a bill to have the will construed and to have sundry lands described in the will, which were incumbered with a trust, sold to carry out the trust, and the sole beneficiary under the will voluntarily becomes a party to such bill and joins in the prayer for the relief sought, and a decree is rendered in said suit ordering a sale of the lands, upon the terms of one-third cash and the balance in equal instalments in one and two years with interest, and within a few months after the collection of the balance due on the deferred payments for the purchase money

[Siniard v. Green, Admr.]

of the lands sold under such decree, the said administrator files his account for a final settlement, making at the same time the exculpatory affidavit required by the statute (Code, § 210), it can not be said under these facts that there was such unreasonable delay in making the final settlement as would justify the administrator being charged with interest; and this is true although more than four years passed between the grant of the letters of administration and the date of the final settlement.

2. *Judgment upon facts; sufficiency of evidence.*—The judgment of the trial court upon the facts, which is based upon the testimony of witnesses examined orally in the presence of the court, will not be disturbed on appeal, unless the record. presents such a case as would require the setting aside of a verdict of the jury rendered on the same evidence.

3. *Same; regularity of judgment in settlement of administration.* In the final settlement of an administration, where immediately upon the auditing and passing of the account, the administrator paid into court the amount ascertained to be due by him, a decree thereupon entered by the court, which, after reciting the auditing and passing of the account and ·the amount ascertained to be due by the administrator, also recites the fact of the payment into court by the administrator of the sum so ascertained by the court to be due, though irregular, is not erroneous, requiring a reversal; no injury appearing to have resulted to the adverse party. The proper and better practice would have been to have entered a final decree in favor of the contestant heir and then entered satis- faction thereof on its payment by the administrator to the probate judge under the statute, (Code, § 3369).

APPEAL from the Probate Court of DeKalb.

Heard before the Hon. W. C. D. COOK.

The proceedings in this case were had on the final settlement of the accounts of P. M. Green, administrator of the estate of William E. Siniard, deceased, with the will annexed.

Under the will, Palestine Siniard was the sole legatee, and on the day set for the hearing of the final settlement, she appeared by counsel and contested every item of credit claimed by the administrator. She also moved the court to charge the administrator with interest for the money held in his hands, upon the following grounds: 1. By the settlement of the administrator, he shows that

there were no debts of the estate, and yet he failed to make a final settlement in eighteen months, as the law directs; but does not show any reason why he made such final settlement more than four years after being appointed. 2. Because the administrator failed to make annual settlements. It was admitted that the administrator failed to make any annual settlements.

The administrator introduced in evidence the bill filed by him in the chancery court asking for the construction of the will, and for the sale of certain lands which were held in trust. The bill was filed on October 23, 1895. The decree in said cause, which was also introduced in evidence by the administrator, was rendered on November 5, 1895, and the sale of said lands was made on December 28, 1895. The facts in reference to this bill and the sale of the lands thereunder are sufficiently stated in the opinion.

Upon the introduction of this evidence relating to the motion of the contestant to charge the administrator with interest, the court overruled said motion and refused to charge the administrator with interest. To this ruling the contestant duly excepted. The administrator then introduced vouchers for his credit from one to twenty-four inclusive, which were admitted to be correct. He also introduced evidence tending to show the correctness of items of credit for which there were no vouchers. Voucher No. 25, which was introduced in evidence was a receipt signed by Palestine Siniard, acknowledging the receipt from P. M. Green, as administrator of the estate of William E. Siniard, of one hundred dollars. This receipt was dated September 3, 1897. Mrs. Siniard objected to the introduction of voucher No. 25 in evidence on the ground that it showed on its face that it had been altered and changed.

The administrator as a witness testified that on the date and at the place described in the receipt, he paid Mrs. Siniard one hundred dollars.

Mrs. Palestine Siniard testified that at the time referred to by said receipt and by the administrator in his testimony, she received from the administrator ten dollars, and she gave her receipt therefor, and that she did not receive one hundred dollars. Upon the hearing of

34

the evidence, Mrs. Siniard moved to exclude said voucher and to give the administrator credit for ten dollars instead of one hundred dollars, which motion the court overruled and allowed the administrator credit for one hundred dollars, and to this ruling the contestant duly excepted.

Voucher No. 26, which was introduced in evidence, was a receipt for fifty dollars from Green as administrator, and was signed by Palestine Siniard. The administrator testified that at the time and place designated by said receipt, he paid to Mrs. Siniard fifty dollars, while Mrs. Siniard testified that she never received such amount. Mrs. Siniard moved the court to exclude said voucher; and that the administrator should not be allowed a credit for the sum of fifty dollars. The court overruled this motion, allowed the administrator credit for fifty dollars, and to this ruling the defendant duly excepted.

Upon the hearing of the evidence, the court rendered a decree refusing to charge the administrator with interest and passing and allowing the credits claimed by the administrator in the settlement of his account as filed; and the decree then recites: "And said administrator having paid into court the sum of nine hundred, thirty-four and 82-100 ($934.82) dollars, balance found to be in his hands, it is ordered that he be discharged. It is further ordered that said account, vouchers, &c., be recorded for future reference." To the rendition of this decree the contestant duly excepted. The contestant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BURNETT & CULLI, for appellant.—The administrator is liable for interest on the amounts in his hands because he failed to make final settlements in eighteen months as the law directs. His own statement shows that the estate was solvent and in fact there were no debts against the estate except probating the will, yet he held the money for more than four years and a half without making a settlement.—Code, 1896, § 260; 1886, § 2198. The fact that he denies on oath that he has not used the trust

[Siniard v. Green, Admr.]

fund covers only the period allowed by law for keeping funds of estates. If settlements are unreasonably delayed the representative is liable for interest though he makes the affidavit.—*Clark v. Knox,* 70 Ala. 607; *Clark v. Hughes,* 71 Ala. 163; *May v. Green,* 75 Ala. 162; *Eubanks v. Clark,* 78 Ala. 73; *Mims v. Mims,* 39 Ala. 716.

DAVIS & HARALSON, *contra.*

DOWDELL, J.—The appeal in this case is taken from the decree of the probate court of DeKalb county on the final settlement of the accounts of appellee as administrator. The errors complained of and presented by the bill of exceptions consist in the action of the court in refusing the motion of appellant to charge the administrator with interest, and in the allowance of two items of credit which were objected to on the hearing by appellant.

Upon the filing of his account for final settlement, the administrator made the necessary exculpatory affidavit required by the statute, (section 210, Code, 1896), and this was not contested by appellant.

The administration was one *cum testamento annexo,* and continued over a period from the 11th of June, 1894, the date of the grant of letters, to November, 1898, the date of final settlement. On the 23rd of October, 1895, the administrator filed a bill in the chancery court of DeKalb county to have the will construed, and to have certain lands described in the will, which were encumbered with a trust, sold for the purpose of carrying out the trust. The appellant was the sole beneficiary under the will, and she voluntarily became a party to the bill, admitting the averments of the bill, and joined in the prayer for the relief sought. A decree was rendered ordering a sale of the lands, the terms of such sale being, one-third cash, and the balance in equal instalments at one and two years with interest. The sale was made on the 28th day of December, 1895.

The bill of exceptions also shows that in a few months after the collection of the balance due on the deferred payments for the purchase money, the administrator filed his account for a final settlement. Under these

facts we cannot say there was such unreasonable delay in making the final settlement as to charge the administrator with interest in the face of his exculpatory affidavit.

There was a conflict in the evidence as to the two items of credit, which were contested. The trial court had these parties before it, affording to that court opportunities in determining the weight of the evidence, the degree of credit to be accorded to each, in hearing them testify, and observing their manner and conduct while testifying, not given to this court. It has become the settled rule of this court not to disturb the judgment of the trial court upon the facts, based upon the testimony of witnesses before that court, unless the record presents such a case as would require the setting aside of a verdict of the jury rendered on the same evidence.

The original receipt designated as voucher No. 25, is certified under the rules to this court for our inspection. We have inspected the same, and after such examination, we are not prepared to differ with the trial court in its conclusion as to the explanation of the erasure as testified to by the administrator being satisfactory and reasonable. Indeed, the physical conditions and appearances of this paper seem to indicate that the erasure was made in the receipt, before the same was signed by the appellant, Mrs. Siniard.

Immediately upon the auditing and passing of the account, the administrator paid into court the amount ascertained to be due by him, and thereupon a decree was entered by the court, which, after reciting the auditing and passing of the account, and the amounts ascertained to be due by the administrator, also recited the fact of the payment into court by the administrator of the said sum so ascertained by the court to be due. While this was irregular, and the proper and better practice would have been to have entered up a final decree in favor of the appellant, Mrs. Siniard, and then entered satisfaction thereof on its payment by the administrator to the probate judge under section 3369, still there is no reversible error, no injury appearing to have resulted to the appellant.

We find no error in the record and the decree of the probate court must be affirmed.